**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0382-15T1

TYRONE L. SISCO, SR.,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted March 13, 2017 — Decided April 18, 2017

Before Judges Sabatino and Currier.

On appeal from the New Jersey State Parole Board.

Tyrone L. Sisco, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Tyrone L. Sisco appeals from the final administrative decision of the New Jersey Parole Board (Board), denying parole and setting a twenty-four month future eligibility term (FET). We affirm.

Appellant has an extensive criminal history and is currently serving an eight-year sentence for his conviction of eluding a police officer. After he became eligible for parole, appellant appeared before a hearing officer who referred his case to a two-member Board panel for a hearing. On May 4, 2015, the panel denied parole based on appellant's: (1) extensive prior criminal record; (2) prior probation and parole terms having failed to deter his criminal behavior; (3) prior incarceration which failed to deter his criminal behavior; and (4) demonstrated lack of insight into his criminal behavior.

Among other things, the panel specifically found that appellant "has no insight into his criminal motivation and made no attempt to discover it. He presents an acceptance of his criminal thinking as normal." The panel further determined there was a reasonable expectation that appellant would violate conditions of parole if released. Hence, it set a twenty-four month FET.

The full Board issued a final agency decision on July 29, 2015, affirming the denial of parole and establishment of the twenty-four month FET. The Board concurred with the two-member panel that "a preponderance of the evidence indicates that there is a reasonable expectation that [appellant] would violate the conditions of parole if released on parole at this time."

A-0382-15T1

On appeal, appellant argues that the Board failed to demonstrate that he would violate conditions of parole if released, and that the Board's decision was contrary to established standards set forth in the "parole handbook."

Our standard of review of administrative decisions by the Board is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200, modified, 167 N.J. 619 (2001). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables.'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)).

Consequently, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Trantino, supra, 166 N.J. at 201. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record."

A-0382-15T1

<u>Id.</u> at 172 (quoting <u>Trantino v. N.J. State Parole Bd.</u>, 154 <u>N.J.</u> 19, 24 (1998)) (internal quotation marks omitted).

In support of his argument that the Board lacked sufficient evidence to conclude that he was likely to violate parole if released, appellant contends the Board disregarded his scoring on the Psychopathy Checklist-Revised test. He states that he scored a 17, which indicates a low level of antisocial functioning and recidivism. The Board's decision, however, does refer to the risk evaluation score of 17, noting that it indicates a <u>moderate</u> risk of recidivism. Therefore, the Board took the testing into account in its determination. In any event, the evaluation score is one of many parole factors and not dispositive by itself.

In presenting his second argument, appellant asserts that the Board did not consider his attendance at institutional programs and did not weigh all of the enumerated factors listed in the "parole handbook" in its parole consideration. We disagree.

In its decision, the Board noted several mitigating factors including defendant's infraction-free record during his current incarceration and his participation in institutional programs. Appellant does not specify what, if any, additional factors should have been and were not considered by the Board. <u>N.J.A.C.</u> 10A:71-3.11(b) lists factors that may be considered by the panels and Board in their evaluation of whether to grant or deny parole.

There is no mandate to weigh each factor as asserted by appellant. Without further elucidation, we are satisfied that the Board based its decision on the entire record governed by the statutory factors under N.J.A.C. 10A:71-3.11(b).

The Board's findings are neither arbitrary nor unreasonable, but rather are supported by credible evidence. The Board has authority to make the assessment as to the expectation that an inmate will violate conditions on parole if released. The Board determined, based on the two-member panel's interview and review of appellant's file, that he did not demonstrate the insight necessary to be a candidate for parole release. We find the Board's decision to deny parole and set a twenty-four month FET is supported by sufficient credible evidence in the record and consistent with the applicable law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0382-15T1